UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLEMONT SHIPPING LTD** | **CIVIL ACTION NO.:** 21 **-CV-** 1258 |
| **VERSUS** | **SECTION:** |
| **PLOKTI MARINE LTD.,** *in personam* and the M/T INDIGO SUN her engines, apparel, tackle, appurtenances, etc. *in rem* | **JUDGE:** |
| | **MAGISTRATE:** |

**VERIFIED COMPLAINT**
**WITH REQUEST FOR MARITIME ARREST AND ATTACHMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Plemont Shipping Ltd. ("Plemont Shipping"), and for its Verified Complaint against Plokti Marine Ltd. ("Plokti Marine"), *in personam* and the M/T INDIGO SUN its engines, boilers, tackle, furniture, apparel, etc., *in rem* in a cause of action for oil spill response and clean-up costs and damages, civil and maritime, and for maritime attachment of property of Plokti Marine, alleges on information and belief as follows:

JURISDICTION

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court, pursuant to 33 U.S.C. § 2717(b), 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Venue is proper pursuant to 28 U.S.C. §1391 because the events giving rise to this action occurred in this District, and pursuant to 33 U.S.C. §1391(b)(2), as Defendants cannot be

found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief, an asset of Defendants is or will be within the pendency of this suit within this District, to-wit the M/T INDIGO SUN (IMO 9592288).

## IDENTITY OF PARTIES

3.

At all material times, Plaintiff Plemont Shipping Ltd. was, and still is, a legal entity organized under the laws of Liberia, with its principle place of business at 80 Broad Street, Monrovia, Liberia.

4.

At all material times, Defendant Plokti Marine was, and still is, a corporation or other entity organized and existing under and by virtue of the laws of a foreign country, and is the owner and/or operator and/or manager, of the M/T INDIGO SUN.

5.

At all material times, Defendant M/T INDIGO SUN (IMO: 9592288) was, and still is, an oceangoing oil tanker, with gross tonnage of 61,320, length of 250 meters, breadth of 44.0 meters, sailing under the flag of Liberia, and engaged in navigation and maritime commerce.

6.

Upon information and belief, the M/T INDIGO SUN will be during the pendency of process herein afloat upon the navigable waters of the United States and of this district and, therefore, within the jurisdiction of this Honorable Court and subject to process *in rem* pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Proceeding.

7.

Plaintiff further avers that Plokti Marine is a non-resident defendant not found within this judicial district and without a valid agent for service of process in this district; however, on information and belief, Plokti Marine and/or its related, affiliated or alter ego companies have property, goods, chattels, or credits and effects that will be during the pendency of this litigation found within the jurisdiction of this Honorable Court and subject to non-resident attachment, to-wit: the M/T INDIGO SUN, an oceangoing motor vessel, engaged in navigation and maritime commerce. Plaintiff therefore requests process, attaching the vessel and other property of Plokti Marine pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims.

PLAINTIFF'S CLAIM

8.

On June 27, 2020, the M/T SCF PROGRESS arrived at the IMTT St. Rose Terminal No. 2 (118 AHP) along the east bank of the Mississippi river, and was made all fast.

9.

The terminal's cargo loading arm was attached to the M/T SCF PROGRESS manifold and loading operations of No. 6 fuel oil commenced on June 27, 2020.  These operations continued without incident until June 29, 2020.

10.

At about 1530 hours on June 29, 2020, the M/T INDIGO SUN was transiting downriver near the IMTT St. Rose Terminal No. 2 at a speed exceeding 13 knots.

11.

The M/T INDIGO SUN's excessive speed and proximity to the IMTT Terminal No. 2 created a significant wake, causing the M/T SCF PROGRESS to abruptly roll, resulting in the vessel drifting from the dock, and parting of all eight of the vessel's mooring lines.

12.

As the M/T SCF PROGRESS drifted from the dock, IMTT's loading arm stretched and ultimately sheered from its connection with the vessel and the dock, causing oil from the loading arm to be discharged onto the deck of the M/T SCF PROGRESS and into the Mississippi river.

13.

As a result of this incident and resultant oil spill, Plemont Shipping has suffered losses/damages consisting of, inter alia, physical damage to the vessel and its appurtenances, as well as oil spill response and clean-up costs.

14.

The damages, expenses, costs and all other losses resulting from the incident described hereinabove, were in no way caused by or contributed to by any fault, neglect, or want of care on the part of anyone for whose conduct Plemont Shipping is responsible, but were the result of and were caused by the fault, neglect and want of due care of the M/T INDIGO SUN, her crew, and/or its owners and/or managers in the following respects, among others, which will be shown at the trial of this cause:

    a.    The M/T INDIGO SUN was unseaworthy;

    b.    The M/T INDIGO SUN failed to maintain safe speed;

    c.    The M/T INDIGO SUN was manned by persons who were careless, incompetent and inattentive to their duties;

    d.    The M/T INDIGO SUN failed to maintain a proper watch; and

   e.  The M/T INDIGO SUN failed to use due care under the circumstances.

Plaintiff, Plemont Shipping, reserves the right to amend and supplement this article of its Complaint and to specify such other and/or different faults and acts of negligence as may become evident in the development of further facts.

15.

Upon information and belief, Plemont Shipping has maritime liens against the M/T INDIGO SUN its engines, boilers, tackle, apparel, furniture, etc., *in rem*, for the amount of its damages, currently estimated to exceed $250,000, plus costs and interest from the date of the incident, representing Plemont Shipping's losses due to the aforesaid incident.

16.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

**WHEREFORE,** Plaintiff, Plemont Shipping Ltd., prays that:

1.  Process in due form of law, according to the rules and practices of this Court, may issue against Plokti Marine Ltd., *in personam*, and the M/T INDIGO SUN, it's engines, boilers, tackle, furniture, apparel etc., *in rem*, and against any and all persons having or claiming any interest therein, and that they be cited to appear and answer all and singular the matters aforesaid;

2.  The M/T INDIGO SUN, its engines, boilers, tackle, furniture, apparel, etc., be seized, condemned, and sold to satisfy the aforesaid decree;

3.  Plaintiff, Plemont Shipping Ltd., may have a decree establishing and foreclosing its maritime liens and claims for damages against the M/T INDIGO SUN, its engines, boilers, tackle, furniture, apparel, etc., for the response costs, fines and/or penalties, and damages claimed herein, together with interest from the date of the incident, and costs;

4.      Plemont Shipping Ltd. may have a judgment against the M/T INDIGO SUN, its engines, boilers, tackle, furniture, apparel, etc., *in rem*, for the full amount of its damages, plus interest from the date of the incident, and costs;

5.      Because defendant, Plokti Marine Ltd, is a foreign corporation, which cannot be found within the district, is not qualified to do business within the State of Louisiana, with no agent for service of process, all its goods, chattels, funds, credits, money and other assets and other property of Plokti Marine Ltd., including the M/T INDIGO SUN, be attached to satisfy Plaintiff's claims, plus costs, expenses, and prejudgment interest, pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Rule 64 of the Federal Rules of Civil Procedure;

6.      Any property attached in this proceeding may be sold under the direction of this Court and the proceeds of the sale be brought into this Court for the response costs, fines and/or penalties, and damages claimed herein, together with interest from the date of the incident, and costs;

7.      This Court retain jurisdiction over the Defendant to attach its property found within the district, in order to enter judgment in favor of Plaintiff, for the full amount of its damages, plus interest from the date of the incident, and costs;

8.      Plemont Shipping Ltd., may have such other and further relief as law and equity may require.

                              Respectfully submitted,

                              *s/ H. Jake Rodriguez*
                              H. JAKE RODRIGUEZ (La. #27867)
                              Jake.rodriguez@wilsonelser.com
                              MICHAEL HAROWSKI (La. #30543)
                              michael.harowski@wilsonelser.com
                              WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

>J. BEN SEGARRA (La. # 39043
>j.ben.segarra@wilsonelser.com
>650 Poydras, Suite 2200
>New Orleans, Louisiana 70130
>504.702.1713 (Direct)
>504.376.4242 (Mobile)
>504.702.1715 (Fax)
>*Counsel for Plemont Shipping Ltd.*

**PLEASE WITHHOLD IN REM SERVICE.**